Curia, yer Wardí,aw, J.
The decision which was made on the circuit is approved by this Court. The reasons which are given in the report, when they are carefully considered, will be found to answer the arguments which have been urged here.
An execution creditor may, no doubt, assent to the extin-guishment of the lien of his fi. fa., upon any article, or to the substitution of another article, for one upon which the lien has attached; but if, without any such assent directly given, the enjoyment of the creditor of proceeds, which have come from an article, necessarily discharges the lien on th at article, great embarrassments in the execution of final process would ensue, involving difficult investigations and amounting almost to the restriction of the lien to the value, of the articles which were in the debtor’s possession at the lodgement of thefi.fa. The defendant here thinks that the *151 equity he urges should be confined to cases of swop, — where articles of equal value are substituted one for the other. But the principle he contends for would embrace all cases where, by transfer of an article which was subject to the lien, valuable proceeds have been obtained, which the creditor has received. All trade is but barter, either immediate, or through the medium of money.
The analogy, which has been insisted on, of a widow’s dower being restricted to one only of two tracts of land, where the husband has made an exchange of lands, has no force; for, to an exchange of lands, at common law, belonged peculiar incidents, which do not attach to a horse-swop.
The motion is dismissed.
Evans, Frost and Withers, JJ., concurred.

Motion refused.